IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MERIT TRANSPORTATION | ) | |
| COMPANY, LLC, | ) | |
| | ) | CASE NO. BK07-82148-TJM |
| Debtor(s). | ) | |
| MERIT TRANSPORTATION | ) | A08-8032-TJM |
| COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CH. 11 |
| | ) | |
| PILGRIM'S PRIDE CORPORATION, d/b/a/ | ) | |
| PILGRIM'S PRIDE PET FOOD, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT & RECOMMENDATION

This matter is before the court on the defendant's motion for withdrawal of the reference (Fil. #7). No resistance was filed.

The debtor in possession filed this adversary proceeding on June 30, 2008, seeking payment on account for services provided. The defendant demands a jury trial. It does not consent to the jurisdiction of the bankruptcy court.

A party is entitled to a jury trial under the Seventh Amendment if the underlying lawsuit is a traditional action at law, as contrasted to equity, and the party demanding the jury trial has not actively participated in the bankruptcy proceeding. *K Lazy K Ranch, Inc. v. Farm Credit Bank of Omaha (In re K Lazy K Ranch, Inc.)*, 117 B.R. 521, 523 (Bankr. D.S.D. 1990) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)).

Pilgrim's Pride has not filed a claim in the bankruptcy case, *Granfinanciera,* 492 U.S. at 59 n.14 (1989) (by submitting a claim, a creditor subjects itself to the equitable jurisdiction of the bankruptcy court) (citing *Katchen v. Landy*, 382 U.S. 323 (1966)), or asserted a counterclaim in this adversary proceeding. *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 280-82 (M.D. Fla. 2002) (collecting cases and finding that an "overwhelming majority" of courts have ruled that parties who file counterclaims subject themselves to the bankruptcy court's equitable powers).

When determining whether the Seventh Amendment grants the right to a jury trial on a particular cause of action, the court first compares the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Then, the court examines "the

remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42) (citing *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). The second stage of this analysis is more important than the first. *Id.* Here, the recovery sought by the debtor in possession is purely monetary. An action to recover a debt is triable by jury at common law. *United States v. Higginbotham, Inc.*, 722 F. Supp. 283, 284 (N.D. Miss. 1989).

Having determined that the defendant is entitled to a jury trial on the debtor in possession's causes of action, the question then becomes whether this bankruptcy court has the jurisdiction to try the case.

Bankruptcy courts have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all core proceedings arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 157(b)(1) and § 1334(a). "Core proceedings" are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). If the parties consent, the bankruptcy judge may enter judgment in the case. 28 U.S.C. § 157(c)(2). If the parties do not consent to the bankruptcy court's exercise of jurisdiction over non-core matters, then the bankruptcy judge prepares proposed findings of fact and conclusions of law for the district court. 28 U.S.C. § 157(c)(1). The test for whether a civil proceeding is related to a case under title 11 is whether the outcome of the proceeding could conceivably have any effect on the bankruptcy estate. *Dogpatch Prop., Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987). In other words, if the outcome of the civil proceeding could alter the debtor's rights, liabilities, options, or freedom of action and in any way impacts upon the handling and administration of the bankruptcy estate, the action is related. *Id.*

This is a simple action to recover money owed to the debtor in possession. It would have no place in the bankruptcy court aside from the debtor in possession's bankruptcy petition. It therefore is only a related matter. Pilgrim's Pride has made clear that it does not consent to trial by the bankruptcy judge.[1]

---

[1] In this district, a bankruptcy judge is authorized to conduct a jury trial only with the express consent of the parties:

> **Jury Trials**. If the right to a jury trial applies in a proceeding that a bankruptcy judge may hear, the district judges hereby specifically designate the bankruptcy judges to exercise the jurisdiction to conduct jury trials in bankruptcy cases and adversary proceedings with the express consent of all of the parties to the particular contested matter or adversary proceeding.

NEGenR 1.5(d).

Accordingly, I respectfully recommend to the United States District Court for the District of Nebraska that the motion be granted and the case be withdrawn to the district court for all further proceedings.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED:    September 2, 2008

RESPECTFULLY SUBMITTED,

Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Elliot D. Schuler
  Andrew Warren Muller
  Donald P. Dworak
  Lawrence W. Bigus
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.